IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YENNY LORA, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NHS, INC., et al. | : | No. 12-2357 |
| Defendants. | : | |

## MEMORANDUM ORDER

**LINDA K. CARACAPPA**                                                **May 22, 2014**
**UNITED STATES MAGISTRATE JUDGE**

After an extensive history of discovery disputes and plaintiffs' systemic failure to comply with this court's discovery orders, defendants have filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b). See Doc. 84. Plaintiffs subsequently filed a cross-motion for sanctions alleging defendants' motion for sanctions violates Federal Rule of Civil Procedure 11(b) and Local Rule 26.1. See Doc. 90. For the reasons that follow, defendants' motion for sanctions is GRANTED and plaintiffs' cross-motion for sanctions is DENIED.

I.        **PROCEDURAL HISTORY RELATED TO DISCOVERY DISPUTES**

On December 3, 2013, the Honorable Petrese B. Tucker referred this matter to the undersigned for resolution of all outstanding discovery matters. At the time of referral, plaintiffs had made no reasonable response to either the first or second sets of propounded interrogatories, and refused requests for deposition scheduling. Motions to compel filed by both sides were pending.

The undersigned issued discovery orders dated December 20, 2013 and March 12, 2014 regarding various motions to compel. It was necessary for the court to order that plaintiffs

execute medical and mental health record authorizations, and then stand for deposition.

Additionally, in the December 20, 2013 order, plaintiffs were precluded from submitting expert

reports on damages for failure to comply with discovery deadlines previously set by the District

Court.  This court's March 12, 2014 order also required production by plaintiffs of certain

income documentation.  See Doc. 60, 70.

       On March 27, 2014, the undersigned held an extensive discovery conference to

address outstanding discovery issues.  On March 31, 2014, this court issued a detailed order in

response to plaintiffs' failure to respond to defendants' discovery requests and this court's

previous orders.  See Doc. 75, which is attached hereto and re-incorporated for easy reference as

"Attachment 1."  In its March 31, 2014 order, this court found that Plaintiff Lora completely

failed to comply with the court's order for production of income verification, and ordered Lora

be precluded from introducing evidence of wage loss or any other financial loss should the

matter proceed to trial.  Id.

       In its March 31, 2014 order, this court also found that Plaintiff Palma's failure and

her counsel's failure to provide any documents or information pertaining to prior lawsuits and

prior claims of emotional distress damages to be a deliberate and willful failure to comply with

legitimately sought discovery.  Plaintiff was given another chance, and ordered to provide

specific documents in this regard within three (3) additional days.  Now, more than six (6) weeks

later, neither Plaintiff Palma, nor her counsel, have complied in any respect.

       Relevant to the pending motion for sanctions, the undersigned learned through the

discovery conference that plaintiffs' counsel interviewed Defendant Tamitra Foreman, but

refused to provide any documentation.  The date of the interview was of particular concern as

plaintiff's counsel interviewed Ms. Foreman on January 24, 2012, eighteen (18) days after

initiating a lawsuit, naming Tamitra Foreman as a defendant, in state court.  See Palma, et al. v. NHS, et al., CCP Philadelphia, January Term, No. 120103288 (Jan. 6, 2012).[1]  Subsequently, on March 31, 2014, the court ordered as follows:

> Within three (3) day of the date of this order, Attorney Jauregui, who is an officer of this court and now a potential witness in this case by virtue of this interview, is hereby **ORDERED** to produce and serve upon opposing counseling a **duly sworn affidavit setting forth a detailed proffer of the complete contents of the interview**.  Failure to comply with this order may result in discovery sanctions.

See Doc. 75.

Plaintiff subsequently filed three motions for protective orders, which the Honorable Petrese B. Tucker denied.  See Doc. 81, 87, 88.  As it relates to this pending motion for sanctions, plaintiffs' counsel asserted through his motion for a protective order that his interview of Tamitra Foreman was protected by attorney work product privilege.  See Doc. 76.  On April 9, 2014, the Honorable Petrese B. Tucker denied this motion.  See Doc. 81.  Plaintiffs' counsel subsequently served a declaration, not a sworn affidavit as directed by this court's previous order, merely describing the circumstances of the interview, such as the weather, his actions walking up to the house on the day in question, and the location of their conversation, and did not provide a proffer of the complete contents of the interview as ordered by this court.  See Doc. 84, Def. Motion for Sanctions, Ex. 1.  Defendants represent that they attempted to subsequently resolve the issue without the court's intervention; however, despite Chief Judge Tucker rejecting plaintiffs' counsel's claim of attorney work product privilege, plaintiffs' counsel continued to assert this privilege as the reason for not providing the proffer.  See Def.

_____

[1] While the complaint was docketed on January 25, 2012, proof of service was dated January 6, 2012.  An additional proof of service page with a handwritten note indicates that Defendant Musgrove was served on January 6, 2012 and Defendants Wagner and Paster were served on January 24, 2012.  There is no indication of proof of service for Defendant Foreman; however, that does not alter the fact that Ms. Foreman was a named defendant at the time of serving this complaint on the other named defendants prior to the interview of Ms. Foreman by plaintiffs' attorney.

Motion for Sanctions, Ex. 2, 3.

   Each plaintiff has asserted additional federal claims that she was not compensated properly under the Fair Labor Standards Act, yet despite being ordered to do so by the court in its extensive discovery order of March 31, 2014 (Doc. 75), neither plaintiff has produced any documentation or itemized calculation of damages whatsoever in support of their claims.  The plaintiffs have taken zero (0) depositions in this, or any other regard.  These FLSA claims now must be dismissed for failure to prosecute, and failure to provide court ordered discovery.

   The March 31, 2014 discovery order (Doc. 75) of this court additionally ordered Plaintiff Palma to produce copies of her federal, state, and local tax returns for years 2011, 2012, 2013, whether filed personally or for any business entity in which Palma had an interest.[2]  In response to this specific order and, from the court's perspective, completely standard discovery request, Palma produced only redacted transcripts of her federal tax filings for years 2010, 2011, and 2012.  A tax return transcript, redacted or otherwise, is not, and does not equate to, a complete federal tax return with accompanying schedules.  It is relevant and appropriate here to have production of the schedules and supporting documents.  For instance, the 2011 tax return transcript shows:

| | | |
|---|---|---|
| 1) | Itemized deductions | $25, 719. |
| 2) | Real estate/personal taxes paid | $0. |
| 3) | Form 3800 general business credit/ new energy efficient home credit | $3,000,000. |

The 2012 transcript shows:

| | | |
|---|---|---|
| 1) | Itemized deductions | $31,965. |
| 2) | Real estate/personal taxes paid | $22,123. |
| 3) | Form 3800 – general business credit/ | |

---

[2] This order was made after a previous attempt by the court to limit the discovery to W-2s, 1099s and business documentation for the alleged business that Palma had started; however, plaintiffs did not provide any documents and represented during the conference there were no documents. The court subsequently ordered the production of the tax returns.

new energy efficient home credit                    $1,928,000.

These and other entries certainly are appropriate for further inquiry regarding financial or

emotional damages.

Again, a tax return transcript is a summary document only, and Plaintiff Palma

has not produced state or local returns as ordered.  Moreover, plaintiffs' Second Motion for a

Protective Order (Doc. 77) sought in part protection from producing an unredacted tax return and

Chief Judge Tucker denied this motion by order dated April 22, 2014 (Doc. 87).  Plaintiff Palma

has failed completely to comply with the court's production order, and when we note the many

efforts Palma and her counsel seemingly took to avoid this production, or to delay until after her

deposition, we find this failure to comply to be willful and most deliberate.

Additionally, the March 31, 2014 discovery order (Doc. 75), directed Plaintiff

Lora to produce verification of her Master's Degree, including transcript, within three (3) days.

Counsel for plaintiff advised the court additional time was needed, as the degree was obtained

from an educational institution in the Dominican Republic.  Plaintiffs' Second Motion for a

Protective Order (Doc. 77) also sought relief from providing the school records and Chief Judge

Tucker denied this motion by order dated April 22, 2014 (Doc. 87).  As such, the production

order remained in effect.  Now, more than ten (10) weeks later, this production order has still not

been met, and the court has not been advised of any circumstances that would prevent one from

obtaining an educational transcript in ten (10) weeks time.

Defendants have brought the instant motion for sanctions as a result of plaintiffs'

failure and plaintiffs' counsel's failure to comply with discovery orders, including the affidavit

of the interview of Defendant Tamitra Foreman.  See Def. Motion for Sanctions.  Plaintiffs

subsequently filed a cross-motion for sanctions in which plaintiffs assert that defendants' motion

for sanctions is advanced in a "racist manner." <u>See</u> Pl. Response and Cross-Motion for Sanctions.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b), a court is permitted to impose sanctions for a party's non-compliance with discovery obligations.  Fed. R. Civ. P. 37(b); <u>see</u> <u>Hewlett v. Davis</u>, 844 F.2d 109, 113 (3d Cir. 1988).  Rule 37(b)(2) offers a "wide range of sanctions" and the selection of the appropriate sanction is "committed to the sound discretion of the district court." <u>Id.</u> (internal citation omitted); <u>see</u> <u>Barbee v. Southeastern Pa. Transp. Auth.</u>, 323 Fed. App'x 159, 162 (3d Cir. 2009) (internal citation omitted) (finding the district court acted "well within its discretion" in imposing discovery sanctions as the "docket alone is sufficient to demonstrate the flagrant manner with which Barbee repeatedly violated the District Court's discovery orders and deadlines.").  Rule 37(b)(2)(A) provides as follows:

> If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Under Federal Rule of Civil Procedure 11(b), by presenting to the court a pleading, motion, or other paper, an attorney or unrepresented party certifies to the court that "to the best of the person's knowledge, information, and belief, formed after an inquiry under the circumstances," (1) it is not presented for an improper purpose, (2) the claims, defenses, and other legal contentions are warranted, (3) there is evidentiary support for factual contentions, or there will likely be evidentiary support after investigation, and (4) denials of factual contentions are warranted. See Fed. R. Civ. P. 11(b). Rule 11(c) further provides the court the ability to sanction a party for failure to comply with Rule 11(b). See Fed. R. Civ. P. 11(c). However, Rule 11(d) limits the application by stating: "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37. Fed. R. Civ. P. 11(d). Local Rule 26.1(f) specifies that "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Local Rule 26.1(f).

28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Although a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002) (quoting Zuk v. Eastern Pennsylvania Psychiatric Institute, 103 F.3d 294, 297 (3d Cir.1996)).

III.    **DISCUSSION**

   **A.  Defendants' Motion for Sanctions**

Defendants' motion for sanctions requests the court order (1) plaintiffs' counsel to produce the affidavit as  previously ordered by this court; (2) plaintiffs and plaintiffs' counsel to pay Defendants fees and costs incurred by Defendants due to this filing and additional motion practice to obtain compliance with the Court's March 31, 2014 Order; (3) default judgment entered on behalf of all Defendants against plaintiffs on Counts XIII,[3] X, XI, and XII of the Complaint and/or Amended Complaint; and (4) preclude plaintiffs' from introducing testimony or evidence relating to Tamitra Foreman.  See Def. Motion for Sanctions.

Defendants argue that plaintiffs' refusal to engage in discovery has prejudiced defendants and deprived them of any meaningful review of plaintiffs' claims.  See Def. Memorandum of Law at 8.  Moreover, defendants assert that plaintiffs' pattern of dilatory conduct has left the court with only one remaining course of action to dismiss claims related to Ms. Foreman, Ms. Foreman's complaint to NHS regarding Plaintiff Palma's conduct, Ms. Foreman's alleged disclosure to NHS, and Ms. Foreman's alleged recording of Palma. Id.  In plaintiffs' response, plaintiffs assert that:

> Defendants have filed a motion for sanctions that, incredibly, asks this Honorable Court to discriminate against both plaintiffs (who are Latinas) and their counsel (who is Latino) in the same racist manner that defendant NHS, Inc., discriminated against plaintiffs in the first place because the motion for sanctions asks this Honorable Court to treat plaintiffs' and their counsel's claim of attorney work product privilege as worthless, as if it were subject to a different and detrimental standard because of the claimants' race.  Pl. Memorandum of Law at 1.

> The undersigned rejects on its face this bold and baseless allegation of discrimination in the form of motion practice as it is wholly without factual or legal support.

---

[3] Upon the court's review of the Complaint and Amended Complaint, there is no "Count XIII;" thus, the court will read this as a typographical error and address Defendants' request for default judgment as it relates to Counts X, XI, and XII, or as a request for default judgment generally.

(emphasis added).

Plaintiffs also argue that the declaration provided by counsel complies with Chief Judge Tucker's order denying plaintiffs' motion for a protective order.  Pl. Memorandum of Law at 1-2.

We find that the declaration submitted by plaintiffs' counsel is deficient and does not comply with this court's previous order of March 27, 2014.  Plaintiffs' counsel has attempted to parse the words of Chief Judge Tucker in an attempt to obtain a favorable reading of the order denying plaintiffs' motion for a protective order; however, Chief Judge Tucker's order remains clear on its face.  Plaintiff reads the footnote in Chief Judge Tucker's order denying the motion for protective order out of context in his attempt to provide an end route around compliance with this court's order.  Plaintiffs' motion for a protective order based on his own claim of privilege was thrice <u>denied</u>.  Chief Judge Tucker denied the motion and provided the following footnote to address an argument raised by plaintiff in his memorandum of law:

> Plaintiffs' assertion that Magistrate Judge Caracappa's March 31, 2014 order (Doc. 75) is in conflict with this Court's order on September 23, 2013 (Doc. 31) is mistaken. This Court's September 23, 2013 order pertained to Defendant's request for Plaintiffs' Counsel's personal records and communications pertaining to a questionable interaction with Defendant Tamitra Foreman. Judge Caracappa's March 31, 2014 order does not require Plaintiffs' Counsel to disgorge all or any of his personal documents or communications but to give an account of an interaction with a Defendant that may have been improper.

<u>See</u> Doc. 81.  As such, plaintiffs' counsel was required to comply with this court's order dated March 27, 2014.  Likewise, plaintiffs failed to file a motion for reconsideration of this court's March 31, 2014 order and plaintiffs did not file a motion pursuant to Federal Rule of Civil Procedure 72.  Thus, the order is final and plaintiffs waived the right to appeal.

It must be emphasized that Tamitra Foreman is not just any witness, but is a named defendant here.  Counsel's claim of privilege has been denied.  The court ordered an

affidavit/proffer to possibly avoid a deposition of plaintiffs' counsel as to Defendant Foreman's statements, yet counsel has refused to even attempt meaningful compliance.

   With regard to defendants' request for this court to preclude evidence or testimony of Tamitra Foreman and enter default judgment against plaintiffs, Federal Rule of Civil Procedure 37(b)(2)(A) authorizes claim dismissal in cases where a party "fail[s] to obey an order to provide or permit discovery."  Shanin v. Delaware, 345 F. App'x 815, 816-17 (3d Cir. 2009).  To determine whether dismissal is appropriate, the court weighs six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (setting forth a test to determine when a trial court's dismissal of a case pursuant to preclusion sanctions constitutes an abuse of discretion).  All six factors need not be met; instead, the court must show balancing and consideration of the factors.  See United States v. $8,222,877.17 in US Currency, 330 F.3d 141, 162 (3d Cir. 2003) (citing Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984)); see also Riley v. Sec'y Pennsylvania Dept. of Corr., 536 Fed. App'x 222, 227 (3d Cir. 2013) (upholding the district court's dismissal of the entire case as a discovery sanction where "at least four of the Poulis factors weighed against [the *pro se* plaintiff], and none weighed in his favor.").

   In the instant case at bar, we find that the actions here stem from plaintiffs' actions as well as from plaintiffs' attorneys.  The Third Circuit clarified in Poulis that even if only counsel was at fault, this would not be dispositive as parties cannot always avoid the

consequences of their counsel's actions.  See Poulis, 747 F.2d at 868.  Moreover, no one factor in Poulis is dispositive.  Id.  The prejudice to defendants here is great as the discovery violations address evidence that form the basis of the complaint. Defendants have been forced to engage in repeated motion practice and court conferences to compel answers due to plaintiffs' counsels' unwillingness to meet deadlines or provide answers or objections as directed by the Federal Rules of Civil Procedure and this court's orders.

Additionally, there is a history of dilatoriness in light of the failure to respond at all to the first and second sets of document requests, refusal to provide medical authorizations or to attend depositions until the court became involved, and an overall failure to comply with deadlines.  Despite Chief Judge Tucker also denying plaintiffs' other motion for protective order regarding the production of Plaintiff Palma's tax returns and Plaintiff Lora's graduate degree records, plaintiffs continue to be out of compliance. Moreover, as the court has indicated in its previous order of March 31, 2014 (Doc. 75), the undersigned finds the conduct of plaintiffs' attorney to be willful and in bad faith.  The court has previously pursued alterative sanctions, including the preclusion of evidence; however, despite this sanction and the court's denial of plaintiffs' counsel's motion for a protective order, plaintiffs' counsel, together with plaintiffs themselves, continues to disregard compliance with the court's order.  As stated previously, plaintiffs' declined the opportunity to file a motion for reconsideration of previous discovery orders.

We note also the merit of the underlying wiretapping claim is questionable at best. Foreman has been sued based upon her own statements of admitting to a potential crime and plaintiffs' counsel has refused to disclose information relating to this conversation.  Moreover, with regard to plaintiffs' varying other counts in the complaints, defendants have raised prima

11

facie defenses, and we cannot find that the sixth <u>Poulis</u> factor weighs in favor of plaintiffs.  <u>See</u> <u>Adams v. Trs. Of the N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994) ("Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the [sixth] factor may not weigh in favor of plaintiff.").

Accordingly, defendants' motion for sanctions is GRANTED.  As such, and in balancing all the <u>Poulis</u> factors, the undersigned finds it is an appropriate sanction to dismiss the complaint entirely and enter judgment on **all claims** in favor of all defendants.  This court will (1) enter default judgment in favor of all defendants on all counts of the Complaint and/or Amended Complaint; and (2) award of attorney's fees and costs to defendants as a result of defendants' being forced to engage in additional, and unnecessary, motion practice to enforce compliance with this court's discovery orders.  Plaintiffs have been put on ample notice of the intent of this court to issue discovery sanctions for failure to comply with the court's order, as this was specified in the March 31, 2014 order.

### B.  Plaintiffs' Cross-Motion for Sanctions

Plaintiffs have filed a cross-motion for sanctions, asserting that defendants' motion for sanctions violates Federal Rule of Civil Procedure 11 and Local Rule 26.1 and contends that the motion was filed "in bad faith simply trying to be vexatious, wanton and oppressive" with racist motivation.  <u>See</u> Pl. Memorandum of Law at 2.  Defendants respond that their motion for sanctions was filed in good faith due to plaintiffs' pattern of dilatory conduct and their motion was not filed for an improper purpose.  <u>See</u> Def. Resp. to Cross-Motion at 5.

For the reasons stated above, the undersigned rejected plaintiffs' baseless and sensational allegation of racist motivation in defendants' motion to compel, and, found that defendants' motion for sanctions should be granted.  As such, the undersigned also finds that

defendants' motion was not filed in bad faith or for an improper purpose, defendants sought on numerous occasions to resolve plaintiffs' failure to comply with discovery orders outside of court, and defendants' motion has not multiplied proceedings unreasonably or vextiously.  See Fed. R. Civ. Pro. 11; Local Rule 26.1(f); 28 U.S.C. § 1927.[4]  Accordingly, there is no basis under Rule 11, Local Rule 26.1, or Section 1927 for plaintiffs' cross-motion for sanctions.  Plaintiffs' cross-motion for sanctions is DENIED.

An order follows.

---

[4] The undersigned also questions the use of Rule 11 as Rule 11(d) specifies: "This rule does not apply to disclosures and discovery requests, response, objections, and motions under Rules 26 through 37." Hillburn v. Bayonne Parking Auth., -- Fed. App'x --, 2014 WL 1328146 (3d Cir. Apr. 4, 2014) (quoting Fed. R. Civ. Pro. 11(d)).  However, this potential issue is moot as the undersigned finds plaintiff has failed to make any showing of bad faith and the undersigned finds defendants' motion was filed for a proper purpose due to plaintiffs' pattern of dilatory conduct.